UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| JOHN C. BAGGETT, | ) | |
| Petitioner, | ) ) ) | Civil Action No. 6: 05-671-DCR |
| V. | ) ) | |
| D.L. STINE, Warden, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

John C. Baggett, an individual incarcerated at the United States Penitentiary-McCreary in Pine Knot, Kentucky, has filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. §2241 [Record No. 1] and has now paid the $5.00 filing fee. [Record No. 5] The matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action is frivolous or malicious, or fails to state a claim upon which relief can be granted.

Using a petition form commonly made available to individuals in custody, Baggett asserts three claims:

(a) Federal Bureau of Prisons unlawfully computed my sentence; sentence should have been adjusted for period of imprisonment already served as conduct taken into account in determining the guideline range.

(b) Federal Bureau of Prisons unlawfully denied me credit for time served in state prison: arrested on state charges after commencement of federal offense; in addition a federal detainer was filed within days of the arrest on state charge starting official detention fulfilling 3585(b)(2) & (B)(1).

(c) Federal Bureau of Prisons unlawfully revoked my good time credits; Federal Bureau of Prisons has miscalculated my good-time credits, they do not reflect the right percentage.

This Court previously directed Baggett to provide documentation to support his assertion that he has exhausted all available administrative remedies as required by *Linder v. Sundquist*, 46 Fed.Appx. 343 (6th Cir. 2002) (unpublished disposition). [Record. No. 3] He has now filed a completed Form 118 showing pursuit of his administrative remedies. [Record No. 6] Those documents indicate that Baggett began invoking the Bureau of Prisons' administrative remedy process on March 9, 2005, and continued through that administrative appeals process by filing his forms BP-8, BP-9, and BP-10. The most recent document, dated December 12, 2005, is from the Bureau of Prisons' national office and indicates that a final decision on his appeal would be provided on or before December 27, 2005.

Baggett filed the instant petition on December 12, 2005: the same day that the Bureau of Prisons indicated that a final decision would be forthcoming in the near future. A complaint subject to pre-screening review under 28 U.S.C. §1915(e)(2) must satisfy the requirements for such a complaint, including total exhaustion of all claims subject to such a requirement, as of the moment it is filed. *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). A failure to exhaust all available administrative remedies *prior to filing* may therefore not be rectified through post-filing amendment of the petition. *McGore*, 114 F.3d at 612 ("The [PLRA] has

-2-

-3-

overruled the [liberal amendment] procedures set forth in *Tingler v. Marshall*."); *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) ("As we held in *McGore*, a plaintiff in a case covered by the PLRA may not amend his complaint to avoid *sua sponte* dismissal.")

It is clear that Baggett had not exhausted the Bureau of Prisons' administrative appeals process on or before the date he filed his petition. That failure is fatal to this action. Therefore, the Petitioner's claims against the Respondent must be dismissed without prejudice.

## **CONCLUSION**

Being sufficiently advised, it is hereby **ORDERED** that Petitioner John C. Baggett's §2241 petition for habeas corpus [Record No. 1] is **DENIED** and this action is **DISMISSED**, without prejudice.

This 27th day of January, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge