UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| JOHN C. BAGGETT, | ) | |
| Petitioner, | ) | Civil Action No. 6: 05-671-DCR |
| V. | ) | |
| D.L. STINE, Warden, | ) | **MEMORANDUM ORDER** |
| Respondent. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

On January 30, 2006, the Court entered a Memorandum Opinion and Order dismissing Petitioner John C. Baggett's petition for a writ of habeas corpus without prejudice. [Record No. 7] On February 6, 2006, Baggett filed a Motion for Reconsideration under Federal Rule of Civil Procedure 59(e). [Record No. 8] Under Rule 59(e), relief may be granted where the movant advises the Court of an intervening change in the controlling law, presents newly available material evidence, or demonstrates clear legal error or manifest injustice. *Berridge v. Heiser*, 993 F.Supp. 1136, 1146-47 (S.D. Ohio 1997).

Through his motion, Baggett attempts to provide newly-available evidence by asserting that the BOP's response to his appeal was due no later than December 27, 2005, and that as of this date, he has received neither a response nor an extension from the Administrative Remedy Coordinator at the Bureau of Prisons' Central Office. Baggett correctly asserts that under Program Statement 1330.13 Section 12, "if the inmate does not

receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." The evidence offered by Baggett, while new, is not material because it does not change the legal outcome for his petition.

As noted in the Court's Memorandum Opinion and Order, under *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), all available administrative remedies must be exhausted *before* the petition is filed, and subsequent exhaustion after the filing will not cure the defect. Assuming the Central Office did not give its response or extend its time for doing so, Baggett's remedies were exhausted no earlier than December 27, 2005, fifteen days *after* he filed the instant petition. Thus, Baggett has provided no basis for granting relief from the dismissal of his petition, and his motion must be denied.

The Court being sufficiently advised, it is hereby **ORDERED** that the Petitioner's motion for reconsideration [Record No. 8] is **DENIED**.

This 17th day of February, 2006.

Signed By:
*Danny C. Reeves* DCR
United States District Judge